UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN RE SEPTEMBER 11 LITIGATION

Case No.: 21 MC 97 (AKH)

THIS DOCUMENT RELATES TO:

03 CV 6811

Hayden v. United Airlines, Inc., et al.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE ADOPTING ANSWER OF DEFENDANTS
### UNITED AIR LINES, INC. AND UAL CORPORATION TO
### PLAINTIFFS' FOURTH AMENDED FLIGHT 175 MASTER LIABILITY COMPLAINT

PLEASE TAKE NOTICE THAT defendants UNITED AIR LINES, INC. and UAL CORPORATION hereby adopt their Master Answer to Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint as their Answer to the Complaint in the above-captioned action.

WHEREFORE, defendants UNITED AIR LINES, INC. and UAL CORPORATION respectfully request that the Complaint be dismissed, with costs, attorneys' fees, disbursements, and such other relief as the Court deems just and proper or, if such relief not be granted, then that their liability be limited or reduced as prayed.

Dated:    New York, New York
          November 12, 2007

                                QUIRK AND BAKALOR, P.C.

                                By: _____
                                    Jeffrey J. Ellis (JJE 7796)
                                    A Member of the Firm
                                    Attorneys for Defendants
                                    UNITED AIR LINES, INC. and
                                    UAL CORPORATION

845 Third Avenue, 15th Floor
New York, New York 10022
Tel.: (212) 319-1000
Fax: (212) 319-1065

And

MAYER, BROWN LLP
Michael R. Feagley, Esq.
71 South Wacker Drive
Chicago, Illinois 60600
Tel.: (312) 701-7065
Fax: (312) 701-7711

TO:

Donald Migliori, Esq.
MOTLEY RICE, LLC
*Plaintiffs' Liaison Counsel*
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Tel.: (843) 216-9000

Desmond T. Barry, Jr., Esq.
CONDON & FORSYTH, LLP
*Defendants' Liaison Counsel*
685 Third Avenue
New York, NY 10017
Tel.: (212) 490-9100

Marc S. Moller, Esq.
KREINDLER & KREINDLER
*Plaintiffs' Liaison Counsel*
100 Park Avenue
New York, NY 10017-5590
Tel.: (212) 687-8181

Richard A. Williamson, Esq.
FLEMMING ZULACK WILLIAMSON
ZAUDERER, LLP
*Ground Defendants' Liaison Counsel*
One Liberty Plaza
New York, NY 10006
Tel.: (212) 412-9500

Robert A. Clifford, Esq.
CLIFFORD LAW OFFICES
*Property Damage & Business Loss
Plaintiffs' Liaison Counsel*
120 LaSalle Street, 31st Floor
Chicago, IL 60602
Tel.: (312) 899-9090

Beth D. Jacobs, Esq.
SCHIFF HARDIN LLP
*WTC7 Ground Defendants' Liaison Counsel*
900 Third Avenue
New York, NY 10022
Tel.: (212) 753-5000

Beth Goldman, Esq.
U.S. Department of Justice
U.S. Attorney's Office, Southern District
86 Chambers Street
New York, NY 10007
Tel.: (212) 637-2732

ALL DEFENSE COUNSEL BY ELECTRONIC MAIL SERVICE

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK

Index No.                 Year

21 MC 97 (AKH)

IN RE SEPTEMBER 11TH LITIGATION

This document relates to:

*Hayden  v. United Airlines, et. al.*
03 CV 6811

## NOTICE OF ADOPTION

**QUIRK AND BAKALOR, P.C.**
## UNITED AIR LINES INC. & UAL CORP.

*Attorney(s) for*

*Office and Post Office Address, Telephone*

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                              of which the within is a true copy
will be presented for settlement to the HON.             one of the judges of the
within named Court, at
on                                    at                M.

Dated,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

IN RE: SEPTEMBER 11, 2001 LITIGATION                21 MC 97 (AKH)

-----------------------------------------------------------------------X

### ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 175 MASTER LIABLITY COMPLAINT

### (TWO WORLD TRADE CENTER CRASH)

The Defendants, UNITED AIR LINES, INC. and UAL CORPORATION (hereinafter collectively referred to as "UNITED"), set forth the following as and for their Answer to Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint, subject to the prohibition against disclosure of any Sensitive Security Information pursuant to 49 CFR 1520.3, 49 CFR 1520.4 and USC §40119:

### BACKGROUND

UNITED and UAL respond that the background statement in Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint are not allegations that require a response.  To the extent Plaintiffs' background statement contains allegations, UNITED and UAL deny each and every allegation set forth in Plaintiffs' background statement and respectfully refer all matters of law set forth therein to the Court, except admit that on September 11, 2001, UNITED designated a BOEING 767 aircraft, with registration number N612UA, to transport passengers as United Air Lines Flight 175 ("Flight 175") originating from Boston Logan International Airport, and that at some point after push back from the gate, operational control of the aircraft was seized by suicidal terrorists. UNITED and UAL further deny knowledge and information sufficient to form a belief as to each and every allegation directed towards Defendant BOEING, except admit that

1

the BOEING 767 aircraft, registration number N612UA was certified to meet Federal Aviation Administration airworthiness standards.

## JURISDICTION AND VENUE

1.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "1" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that Public Law 107-42, "The Air Transportation Safety and System Stabilization Act" establishes that "[t]he United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001.

2.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "2" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

3.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "3" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

4.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "4" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## THE PARTIES

### PLAINTIFFS

5.    Admit the allegations contained in paragraph "5" of the Plaintiffs' Fourth Amended Flight 175 Master Complaint, except as to Plaintiff decedent ALICIA TITUS, who was a UNITED Flight Attendant on board Flight 175.

6.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "6" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

7.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "7" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

### "THE AIRLINE DEFENDANTS"

8.    Admit the allegations contained in paragraph "8" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint.

9.    Admit the allegations contained in paragraph "9" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint to the extent that UAL is the parent corporation of its wholly-owned subsidiary UNITED, and UNITED is engaged in the air transportation of passenger for hire.

10.    Admit the allegations contained in paragraph "10" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint.

11.     Deny each and every allegation set forth in paragraph "11" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation Laws and Regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

12.     Deny each and every allegation set forth in paragraph "12" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

13.     Deny each and every allegation set forth in paragraph "13" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

14.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "14" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint, except admit that UNITED did regularly operate Flight 175, and on September 11, 2001, designated a Boeing 767 aircraft, registration number N612UA, to transport passengers on that flight and that at some point, after push back from the gate, operational control of the aircraft was seized by suicidal terrorists.

15.     Deny each and every allegation set forth in paragraph "15" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## THE NON-CARRYING AIRLINE DEFENDANTS

16.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "16" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

17.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "17" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

18.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "18" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

19.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "19" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## THE SECURITY COMPANY DEFENDANTS

20.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "20" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

21.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "21" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

22.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "22" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

23.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "23" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

24.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "24" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

25.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "25" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

26.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "26" of Plaintiffs' Fourth Amended Flight 175

Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

27.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "27" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

28.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "28" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

29.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "29" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

30.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "30" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

31.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "31" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

32.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "32" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

33.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "33" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

34.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "34" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

35.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "35" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

36.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph numbered "36" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

**AIRPORT OPERATOR DEFENDANT**

37.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "37" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

**THE BOEING DEFENDANT**

38.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "38" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

39.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "39" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that the aircraft designated for the subject flight was a BOEING 767.

40.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "40" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that the aircraft designated for the subject flight was a BOEING 767.

**THE BUILDING OWNERS**

41.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "41" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

42.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "42" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

43.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "43" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## THE BULIDING DEFENANTS

44.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "44" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

45.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "45" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

46.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "46" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

47.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "47" of Plaintiffs' Fourth Amended Flight 175

Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

48.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "48" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

49.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "49" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

50.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "50" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

51.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "51" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

52.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "52" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

53.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "53" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## **GENERAL ALLEGATIONS**

54.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph numbered "54" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

55.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "55" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

56.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "56" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

57.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "57" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

58.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "58" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

59.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "59" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

60.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "60" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

61.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "61" of Plaintiffs' Fourth Amended Flight 175

Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

62.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "62" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

63.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "63" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

64.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "64" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

65.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "65" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

66.    Deny each and every allegation set forth in paragraph "66" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that

UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

67.    Deny each and every allegation set forth in paragraph "67" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

68.    Deny each and every allegation set forth in paragraph "68" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

69.    Deny each and every allegation set forth in paragraph "69" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement

security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

70.    Deny each and every allegation set forth in paragraph "70" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that meetings were held during which airport security was sometimes discussed.

71.    Deny each and every allegations set forth in paragraph "71" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

72.    Deny each and every allegation set forth in paragraph "72" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at

the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

73.    Deny each and every allegation set forth in paragraph "73" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

74.    Deny each and every allegation set forth in paragraph "74" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

75.    Deny each and every allegation set forth in paragraph "75" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that

UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

76.    Deny each and every allegation set forth in paragraph "76" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

77.    Deny each and every allegation set forth in paragraph "77" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

78.    Admit the allegations contained in paragraph "78" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint.

79.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "79" of Plaintiffs' Fourth Amended Flight 175

Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

80.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "80" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

81.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "81" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

82.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "82" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that the subject aircraft crashed after suicidal terrorists seized operational control of the subject aircraft.

83.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "83" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

84.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "84" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

85.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "85" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

86.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "86" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

87.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "87" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

88.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "88" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

89.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "89" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

90.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "90" of Plaintiffs' Fourth Amended Flight 175

Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

91.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "91" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

92.    Deny each and every allegation set forth in paragraph "92" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT ONE

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST THE AIRLINE DEFENDANTS, THE NON-CARRYING AIRLINE DEFENDANTS, THE SECURITY COMPANY DEFENDANTS, AND MASSPORT BASED ON NEGLIGENCE, NEGLIGENCE PER SE, RECKLESS CONDUCT, AND CONSCIOUS DISREGARD FOR RIGHTS <u>AND SAFETY</u>

93.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 175 Master Complaint, designated as paragraphs numbered "1" through "92" inclusive, with the same force and effect as through more fully set forth at length herein.

94.    Deny each and every allegation set forth in paragraph "94" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement

21

security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

95.     Deny each and every allegation set forth in paragraph "95" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

96.     Deny each and every allegation set forth in paragraph "96" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

97.     Deny each and every allegation set forth in paragraph "97" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

98.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "98" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

99.    Deny each and every allegation set forth in paragraph "99" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

100.    Deny each and every allegation set forth in paragraph "100" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

101.    Deny each and every allegation set forth in paragraph "101" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

### COUNT TWO

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST THE AIRLINE DEFENDANTS, THE NON-CARRYING AIRLINE DEFENDANTS, AND MASSPORT BASED ON NEGLIGENCE SELECTION

102.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 175 Master Complaint, designated as paragraphs numbered "1" through "101" inclusive, with the same force and effect as through more fully set forth at length herein.

103.    Deny each and every allegation set forth in paragraph "103" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all

matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

104.    Deny each and every allegation set forth in paragraph "104" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

105.    Deny each and every allegation set forth in paragraph "105" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

106.    Deny each and every allegation set forth in paragraph "106" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

107.    Deny each and every allegation set forth in paragraph "107" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

24

108.    Deny each and every allegation set forth in paragraph "108" of the
Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all
matters of law set forth therein to the Court.

109.    Deny each and every allegation set forth in paragraph "109" of the
Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all
matters of law set forth therein to the Court.

110.    Deny each and every allegation set forth in paragraph "110" of the
Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all
matters of law set forth therein to the Court.

111.    Deny each and every allegation set forth in paragraph "111" of the
Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all
matters of law set forth therein to the Court.

112.    Deny each and every allegation set forth in paragraph "112" of the
Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all
matters of law set forth therein to the Court.

## COUNT THREE

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON STRICT TORT LIABILITY

113.    Defendants UNITED and UAL repeat, reiterate and reallege each and
every response heretofore made to each and every paragraph of Plaintiffs' Fourth
Amended Flight 175 Master Complaint, designated as paragraphs numbered "1"
through "112" inclusive, with the same force and effect as through more fully set forth at
length herein.

114.   Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "114" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

115.   Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "115" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

116.   Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "116" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

117.   Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "117" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

118.   Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "118" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT FOUR

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH
### AND SURVIVAL DAMAGES AGAINST DEFENDANT
### <u>BOEING BASED ON NEGLIGENT DESIGN</u>

119.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 175 Master Complaint, designated as paragraphs numbered "1" through "118" inclusive, with the same force and effect as through more fully set forth at length herein.

120.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "120" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

121.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "121" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

122.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "122" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

123.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "123" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

27

124.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "124" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

125.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "125" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT FIVE

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON BREACH OF WARRANTY

126.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 175 Master Complaint, designated as paragraphs numbered "1" through "125" inclusive, with the same force and effect as through more fully set forth at length herein.

127.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "127" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that the aircraft designated for the subject flight was certified to meet Federal Aviation Administration airworthiness standards.

128.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "128" of Plaintiffs' Fourth Amended Flight 175

Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that the aircraft designated for the subject flight was certified to meet Federal Aviation Administration airworthiness standards.

129.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "129" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

130.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "130" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT SIX

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AND PERSONAL INJURIES ON BEHALF OF THE TOWER PLAINTIFFS AGAINST THE PORT AUTHORITY AND THE BUILDING DEFENDANTS BASED ON NEGLIGENCE

131.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 175 Master Complaint, designated as paragraphs numbered "1" through "130" inclusive, with the same force and effect as through more fully set forth at length herein.

132.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "132" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

133.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "133" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

134.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "134" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

135.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "135" of Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

136.    Deny each and every allegation set forth in paragraph "136" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT SEVEN

### CLAIM FOR WRONGFUL DEATH AND SURVIVAL
### DAMAGES BASED ON RES IPSA LOQUITUR

137.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 175 Master Complaint, designated as paragraphs numbered "1" through "136" inclusive, with the same force and effect as through more fully set forth at length herein.

30

138.   Deny each and every allegation set forth in paragraph "138" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

139.   Deny each and every allegation set forth in paragraph "139" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT EIGHT

### CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRISS AGAINST ALL DEFENDANTS

140.   Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 175 Master Complaint, designated as paragraphs numbered "1" through "139" inclusive, with the same force and effect as through more fully set forth at length herein.

141.   Deny each and every allegation set forth in paragraph "141" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flights in accordance with Federal Aviation laws and regulations and to implement security plans or procedures required by same.  UNITED and UAL further

admit that UNITED had a contract with HUNTLEIGH to provide security checkpoint screening at the Pier B checkpoint in Terminal C used for UNITED flights at Logan Airport in Boston, Massachusetts on September 11, 2001.

142.    Deny each and every allegation set forth in paragraph "142" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

143.    Deny each and every allegation set forth in paragraph "143" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

144.    Deny each and every allegation set forth in paragraph "144" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

145.    Deny each and every allegation set forth in paragraph "145" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

146.    Deny each and every allegation set forth in paragraph "146" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

147.    Deny each and every allegation set forth in paragraph "147" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT NINE

### CLAIM FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

148.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 175 Master Complaint, designated as paragraphs numbered "1" through "147" inclusive, with the same force and effect as through more fully set forth at length herein.

149.    Deny each and every allegation set forth in paragraph "149" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

150.    Deny each and every allegation set forth in paragraph "150" of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

### AS AND FOR A FIRST DEFENSE

151.    Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint fails to allege facts sufficient to state an actionable cause of action against UNITED and UAL.

### AS AND FOR A SECOND DEFENSE

152.    Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001, and limits the amount of damages recoverable from UNITED and UAL to the amount of its liability insurance coverage.

153.    To the extent that Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint asserts a cause of action other than that provided for by the aforestated legislation, such cause of action must be dismissed as a matter of law.

### AS AND FOR A THIRD DEFENSE

154.    Plaintiffs' alleged damages were caused by the unforeseeable, intervening and/or superseding criminal acts of third parties, who were not under the care, custody, control, or supervision of UNITED and UAL and therefore, UNITED and UAL cannot be held liable for said damages.

### AS AND FOR A FOURTH DEFENSE

155.    That the Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, formerly codified at 49 U.S.C. Section 1301, <u>et. seq.</u>, now recodified and incorporated into 49 U.S.C. 40101, <u>et. seq.</u>, together with the amendments to same and the regulations promulgated thereunder, establish the uniform and exclusive standards that air carriers must follow with respect to aviation safety and security and such federal standards implicitly preempt any State common law or statutory standards purporting to govern same.

156.    UNITED's and UAL's compliance with the aforesaid federal standards precludes a finding of liability against them.

### AS AND FOR A FIFTH DEFENSE

157.    That if any of Plaintiffs' claims relate to rates, routes or services as set forth in the 1978 Airline Deregulation Act, formerly codified as 49 U.S.C. 1305, now recodified and incorporated into 49 U.S.C. 41713(b)(1), then Plaintiffs' right to assert such claims are preempted by same.

34

### AS AND FOR A SIXTH DEFENSE

158.    That if the Plaintiffs intend to assert that common law or statutory law of the individual States requires air carrier to implement security procedures that are different from the obligations imposed by the aforestated federal statutes and regulations, that claim must be dismissed since it would constitute an unconstitutional burden on interstate air commerce.

### AS AND FOR A SEVENTH DEFENSE

159.    That to the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the provisions of Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," the liability of UNITED and UAL shall be limited to their equitable share of their fault, and/or proportionate share, if any, to be determined in accordance with the relative culpability of each and every party or non-party, causing or contributing to the total liability claimed by Plaintiffs in accordance with the applicable State law.

### AS AND FOR AN EIGHTH DEFENSE

160.    That to the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the provisions of Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," any claim for past or future costs or expenses incurred or to be incurred for loss of earnings or other economic loss must be reduced by the amount of same that has been or can be replaced or indemnified in whole or in part by collateral sources in accordance with the applicable State law.

## AS AND FOR A NINTH DEFENSE

161.    That to the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the provisions of Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," if Plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for the death of Plaintiffs' decedent, Plaintiffs' damages, if any, otherwise recoverable against UNITED and UAL must be reduced by the greater of the amount stipulated by the release or the covenant, the amount of the consideration paid for it, or the amount of any released tortfeasor's equitable share of recoverable damages in accordance with the applicable State law.

## AS AND FOR A TENTH DEFENSE

162.    That if a claim has been filed or submitted on behalf of any Plaintiffs' decedent with the "September 11th Victim Compensation Fund of 2001" as provided for by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," then the right to file a civil action in this Court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001 has been waived.

## AS AND FOR AN ELEVENTH DEFENSE

163.    That Plaintiffs' "Count Seven" subtitled "Claim for Wrongful Death and Survival Damages Based on Res Ipsa Loquitor," fails to state a claim upon which relief can be granted.

### AS AND FOR A TWELFTH DEFENSE

164.    Since UNITED and UAL were not in actual possession of the aircraft at the time of the crash, UNITED's and UAL's liability is limited pursuant to 49 U.S.C.A. §44112 (2002).

### AS AND FOR A THIRTEENTH DEFENSE

165.    That the liability of UNITED and UAL is limited in that it cannot exceed that which is set forth in any stipulations, orders , and/or judgments entered by the United States Bankruptcy Court for the Northern District of Illinois.  The provisions of any stipulations, orders or judgments entered by the Bankruptcy Court are binding on the parties to this litigation.

### AS AND FOR A FOURTEENTH DEFENSE

166.    That the Fourth Amended Flight 175 Master Liability Complaint and/or each individual wrongful death and/or personal injury complaint should be dismissed on the ground that no action may be maintained against UNITED and/or UAL because of the Order Confirming Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, *In re: UAL Corporation et. al.,* Case No. 02B48191 (Bankr. N.D. Ill. Jan. 20, 2006), and the provisions therein, including specifically Section X.B., Discharge of Claims and Termination of Interests, which permanently enjoined and discharged all claims against UNITED and UAL as a reorganized debtor, except to the extent that certain Plaintiffs asserting a claim are subject to any Stipulation and Agreed Order Concerning the Debtor's Objections by certain 9/11 claimants in the Bankruptcy Court, and those certain Plaintiffs' recovery is limited to available insurance proceeds.

## AS AND FOR A FIFTEENTH DEFENSE

167.    That to the extent any of Plaintiffs' decedents were employed with UNITED at the time of the flight in question, such claims are governed by and/or precluded by the applicable Workers' Compensation Law and/or written waivers.

## AS AND FOR A SIXTEENTH DEFENSE

168.    Plaintiffs and/or the decedents' next of kin named as claimants in the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint lack capacity and/or standing to maintain this action.

## AS AND FOR A SEVENTEENTH DEFENSE

169.    Plaintiffs' alleged damages were remote and not a reasonably foreseeable consequence of any alleged conduct by UNITED and as such, UNITED owed no duty to Plaintiffs as a matter of law and cannot be held liable for Plaintiffs' alleged damages.

## AS AND FOR AN EIGHTEENTH DEFENSE

170.    The Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint and all causes of action therein should be dismissed on the ground that Plaintiffs have failed to join all necessary and indispensable parties.

## AS AND FOR A NINTEENTH DEFENSE

171.    Plaintiffs' claims for punitive damages are barred because the applicable Federal and/or State laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because the applicable Federal and/or State laws, rules and procedures regarding punitive damages deny due process, impose criminal penalties without requisite protection and procedural safeguards, violate the Fifth and Fourteenth Amendments of the United States

Constitution and counterpart clauses of the applicable State Constitutions as well as any Excessive Fines Clauses, and place an unreasonable burden on interstate commerce.

## AS AND FOR A TWENTIETH DEFENSE

172.    Damages, compensatory or punitive may be barred or limited by applicable state law as may be derived by this Court from New York law, including its choice of law principles.

## AS AND FOR A TWENTY-FIRST DEFENSE

173.    Plaintiffs' claims for punitive damages have been dismissed by an order of this Court dated July 3, 2007.  As such, Plaintiffs' claims for punitive damages are barred.

## AS AND FOR A TWENTY-SECOND DEFENSE

174.    This Court lacks jurisdiction over Defendants UNITED and UAL due to the improper service of process of a Plaintiff's individual complaint.

## AS AND FOR A TWENTY-THIRD DEFENSE

175.    The alleged damages complained of were caused by the negligence or intentional conduct of parties other that UNITED and UAL and for whom UNITED and UAL are not responsible; therefore, UAL and UNITED are not liable to Plaintiffs or, in the alternative UNITED and UAL's liability to Plaintiffs, if any, should be reduced in accordance with applicable law.

## AS AND FOR A TWENTY-FOURTH DEFENSE

176.    The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of UNITED and UAL, their agents, or employees.

## AS AND FOR A TWENTY-FIFTH DEFENSE

177.    UNITED and UAL are not liable to Plaintiffs because UNITED and UAL complied with all applicable government regulations in effect at the time of the events described in the Fourth Amended Flight 175 Master Liability Complaint.

## AS AND FOR A TWENTY-SIXTH DEFENSE

178.    These Defendants' role in implementing federal security measures was limited.  If other parties and/or entities responsible for other component parts of that system failed to identify, assess appropriately or communicate the information and direction needed to prevent the hijacking of Flight 175 by terrorists who planned to use it as a missile, then any liability finding against these Defendants would be precluded as a matter of law and fact.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

179.    To the extent that Plaintiffs are entitled to claim any damages under New York law, such damages are not recoverable in accordance with New York law from Defendants that have provided minimal security measures in response to reasonably foreseeable threats.  Since the security measures implemented by the Defendants in accordance with federal law far exceeded the minimal measures required of private parties under New York law, Plaintiffs are precluded from any recovery whatsoever.

### AS AND FOR A TWENTY-NINTH DEFENSE

180.    The aviation security measures that are the subject of this action were federally mandated and a part of a federal response to terrorist attacks on our nation. UNITED and UAL's implementation of the federally mandated aviation security measures assisted the federal government in a police and/or national defense function. As such, UNITED and UAL are immune from suit and are not liable for the claims herein.

### AS AND FOR A THIRTIETH DEFENSE

181.    Plaintiffs' alleged damages were caused by an act of war.

### AS AND FOR A THIRTY-FIRST DEFENSE

182.    Plaintiffs' claims are barred by the state secrets doctrine.

### AS AND FOR A THIRTY-SECOND DEFENSE

183.    Plaintiffs' Complaint must be dismissed to the extent that relevant evidence required by UNITED and UAL to mount their defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

### AS AND FOR A THIRTY-THIRD DEFENSE

184.    To the extent Plaintiffs' alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of law, UNITED and UAL cannot be held liable for Plaintiffs' alleged damages.

### AS AND FOR A THIRTY-FOURTH DEFENSE

185.   UNITED and UAL are not liable for damages caused through the fault of any other parties or non-parties, including damages caused by terrorists.

### AS AND FOR A THIRTY-FIFTH DEFENSE

186.   Plaintiffs' Claims are barred by the applicable Statute of Limitations.

### AS AND FOR A THIRTY-SIXTH DEFENSE

187.   That to the extent that any of the separate defenses to the allegations of the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint asserted herein on behalf of UNITED and UAL are deemed affirmative defenses, they are specifically realleged, reiterated and incorporated herein as affirmative defenses.

### AS AND FOR A THIRTY-SEVENTH DEFENSE

188.   UNITED and UAL reserve the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

### NOTICE OF APPLICATION OF FOREIGN LAW

189.   Pursuant to Rule 44.1 of the Federal Rules of Civil Procedures, UNITED and UAL, hereby give notice that issues concerning the law of a foreign country may be raised in this action.

**WHEREFORE,** UNITED and UAL demand judgment dismissing the Plaintiffs' Fourth Amended Flight 175 Master Liability Complaint together with costs and disbursements incurred in defending same or alternatively, demand that a jury apportion the respective culpability of the parties and non-parties and that the Court and/or jury

DEFENDANTS' LIAISON COUNSEL
Desmond T. Barry, Jr., Esq.
Condon & Forsyth, LLP
7 Times Square
New York, New York  10007
(212) 490-9100
(212) 370-4483 (Fax)

GROUND DEFENDANTS' LIAISON COUNSEL
Richard A. Williamson, Esq.
Flemming, Zulack Williamson Zauderer, LLP
One Liberty Plaza
New York, New York  10006
(212) 412-9500

PROPERTY DAMAGE & BUSINESS
LOSS LIAISON COUNSEL
Robert A. Clifford, Esq.
Clifford Law Offices
120 LaSalle Street – 31st Floor
Chicago, Illinois  60602
(312) 899-9090

WTC7 GROUND DEFENDANTS'
LIAISON COUNSEL
Beth D. Jacobs, Esq.
Schiff Hardin, LLP
900 Third Avenue
New York, New York  10022
(212) 753-5000

Beth Goldman, Assistant U.S. Attorney
Sarah S. Normand, Assistant U.S. Attorney
U.S. Attorneys Office, SDNY
86 Chambers Street
New York, New York  10007
(212) 637-2732
(212) 637-2730

**AND ALL COUNSEL LISTED ON THE ATTACHED SERVICE LIST**

limit and/or reduce the damages recoverable in accordance with the substantive law set forth herein.

Dated:  November 12, 2007
        New York, New York

                              QUIRK AND BAKALOR, P.C.

                              By: _____
                                 JEFFREY J. ELLIS (JJE 7796)
                              A Member of the Firm
                              845 Third Avenue, 15th Floor
                              New York, New York  10022
                              Phone: (212) 319-1000
                              Fax: (212)319-1065

                                       - AND -

                              MAYER BROWN LLP
                              Michael Rowe Feagley
                              A Member of the Firm
                              71 South Wacker Drive
                              Chicago, Illinois  60606
                              Telephone: (312) 701-7065
                              Facsimile:  (312) 706-8623

                              Attorneys for Defendants
                              UNITED AIR LINES, INC. and
                              UAL CORP.

TO:    PLAINTIFFS' LIAISON COUNSEL
       Donald Migliori, Esq.
       Motley Rice, LLC
       28 Bridgeside Boulevard
       P.O. Box 1792
       Mt. Pleasant, SC  29465
       (943) 216-9000

       PLAINTIFFS' LIAISON COUNSEL
       Marc S. Moller, Esq.
       Kreindler & Kreindler
       100 Park Avenue
       New York, New York  10017-5590
       (212) 687-8181
       (212) 972-9432 (Fax)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Index No.          Year

21 MC 97 (AKH)

IN RE SEPTEMBER 11TH LITIGATION

**ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 175 MASTER COMPLAINT**

**QUIRK AND BAKALOR, P.C.**

*Attorney(s) for*
**UNITED AIR LINES INC.
UAL CORPORATION**

*Office and Post Office Address, Telephone*

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

To

Attorney(s) for

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on                    at            M.

of which the within is a true copy
one of the judges of the