UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

IN RE SEPTEMBER 11th LITIGATION

Civil No.
21 MC 101 (AKH)

THIS DOCUMENT RELATES
TO: 03 CV 6811 (AKH)

Hayden v. United Air Lines,
Inc., et. al.

**DECLARATION OF
JEFFREY J. ELLIS**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

      1.      I am an attorney and member of the law firm of Quirk and Bakalor, P.C., co-counsel for defendants United Air Lines, Inc. and UAL Corporation in this litigation and I am fully familiar with all prior pleadings and proceedings.

      2.      I submit this declaration in support of the motion by defendants United Air Lines, Inc., UAL Corporation and Huntleigh USA Corporation for an Order: (1) approving the settlement; (2) entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that the liability limitation contained in Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act Applies to the Settlement Amount; and (4) dismissing the Complaint with prejudice as to all defendants.

      3.      Annexed hereto as Exhibit "A" is a true and accurate copy of the executed Confidential Stipulation of Settlement in *Hayden v. United Air Lines, Inc., et al.,* 03 CV 6811 (AHK) with the settlement amount redacted. An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

Pursuant to 28 U.S.C. Section 1756, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on July 3, 2008, at New York, New York.

Jeffrey J. Ellis

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 21 MC 101 (AKH)

IN RE SEPTEMBER 11 LITIGATION

THIS DOCUMENT RELATES TO:
03 CV 6811 (AKH)

Hayden v. United Airlines, Inc., et. al.

## CONFIDENTIAL STIPULATION OF SETTLEMENT

By and through their attorneys, Defendants UNITED AIR LINES, INC.
(hereinafter "UNITED"), UAL CORPORATION (hereinafter "UAL"), and HUNTLEIGH
USA CORPORATION (hereinafter "HUNTLEIGH"), and Plaintiff ELIZABETH GAIL
HAYDEN, individually and as Personal Representative and/or Administratrix of the
Estate of JAMES HAYDEN, and on behalf of all heirs and next of kin of JAMES
HAYDEN, deceased (hereinafter "PLAINTIFF") hereby stipulate and agree:

1. In consideration of the sum of ███████████████████
████████████████████████████████████████████
█████████████ of which is to be paid by the Insurers of UNITED and UAL
and ████████████████████████████████████
████████████████████ the sum of ████████████████
███████████████ to be paid by the Insurers of HUNTLEIGH,
for a total of the payments to PLAINTIFF of ████████████████
███████████████████████ PLAINTIFF agrees to release
and discharge UNITED, UAL, HUNTLEIGH, ICTS INTERNATIONAL NV and any and

all other defendants named in any of the individual or Master Complaints filed under civil number 21 MC 97 (AKH) and currently pending under civil number 21 MC 101 (AKH), and agrees to execute a Confidential Release in the form attached hereto as Exhibit "1".

      2. The parties to this Agreement recognize the legitimate interest of UNITED, UAL, and HUNTLEIGH in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). UNITED, UAL, and HUNTLEIGH are not willing to enter into this Agreement absent that assurance.  The parties therefore agree that:

      (a)    UNITED, UAL, and HUNTLEIGH shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1)of ATSSSA; and

      (b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1)of ATSSSA.

      3. Within 21 days after execution of this Confidential Stipulation of Settlement, UNITED, UAL, and HUNTLEIGH shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court

the non-appealable determination described in paragraph "2". The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against UNITED, UAL, and HUNTLEIGH, and any and all other defendants named in any of the individual or Master Complaints filed under civil number 21 MC 97 (AKH) and currently pending under civil number 21 MC 101 (AKH), including without limitation each of the defendants listed in Appendix "A" to the Confidential Release in the form attached hereto as Exhibit "1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4. Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as Exhibit "1".

5. Upon receipt of authorization from the Court, PLAINTIFF shall deliver to UNITED, UAL, and HUNTLEIGH an executed Confidential Release in the form attached hereto as Exhibit "1". The execution of said Confidential Release does not preclude the PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of JAMES HAYDEN, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-1616 (USDC, District of Columbia (JR)); *In Re Terrorist Attacks of September*

3

*11, 2001,* 03 MDL 1570 (RCC); and, *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.,* 03 CV 9849 (RCC).

6.  Subject to compliance with all conditions set forth above, within 30 days after the final non-appealable determination described in paragraphs "2" and "3" is issued or within 30 days after receipt by counsel for UNITED, UAL, and HUNTLEIGH of the executed Confidential Release, whichever is later, UNITED, UAL, and HUNTLEIGH's insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release. In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement shall be void, and PLAINTIFF shall be entitled to reinstate her case against the RELEASEES.

7.  The parties acknowledge that this agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this agreement does not constitute an admission of liability, responsibility, or proportionate responsibility by any party.

8.  This agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.  This Agreement may not be modified orally and can only be modified by means of a written agreement signed by the PLAINTIFF, UNITED, UAL, HUNTLEIGH and ICTS International NV.

10. The amount of the payments under this settlement shall remain

4

confidential. Dissemination of the amount of the payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, insurers and insurance representatives who have a need to know the amount of the settlement, and to any court referenced in paragraphs "2" and "3". No party, attorney, employee, agent, insurer or insurance representative of a party shall disclose the amount of the settlement unless required to do so by court order.

      11. This agreement may be executed in counterparts.

Dated:  New York, New York
        July 1, 2008

MOTLEY RICE LLC

By: _____
    Mary Schiavo, Esq. (    )
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina, 29465
Telephone: (843) 216-9000
Attorneys for Plaintiff
ELIZABETH GAIL HAYDEN

SUSMAN GODFREY, LLP

By: _____
    H. Lee Godfrey, Esq.(HG 1204)
1000 Louisiana Street
Houston, Texas 77002-5096
Telephone: (713) 653-7857

Attorneys for Defendant
HUNTLEIGH USA CORPORATION

ACE GLOBAL MARKETS

By: _____
    John E. Larkins
Aviation Claims Manager
ACE Global Markets
100 Leadenhall Street
London EC3A 3BP

For and on behalf of the insurers for
HUNTLEIGH USA CORPORATION

QUIRK AND BAKALOR, P.C.

By: _____
    Jeffrey J. Ellis, Esq. (JE 7796)
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000

-and-

Michael R. Feagley, Esq.
MAYER BROWN LLP
71 South Wacker
Chicago, Illinois 60606
Telephone: (312) 701-7065

Attorneys for Defendants
UNITED AIR LINES, Inc., and
UAL CORPORATION

UNITED STATES AVIATION
UNDERWRITERS, INC.

By: _____
    Joseph P. Taccetta, Esq.
    Senior Vice President
As the Managers of, and on behalf of, the
United States Aircraft Insurance Group
and Its Member Companies along with
the other aviation insurers subscribing to
the Aviation Insurance Policies Issued to
United Air Lines, Inc. and UAL Corp.
199 Water Street, One Seaport Plaza
New York, New York 10038

6

MOTLEY RICE LLC

By: _____
    Mary Schiavo, Esq. (    )
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina, 29465
Telephone: (843) 216-9000
Attorneys for Plaintiff
ELIZABETH GAIL HAYDEN

SUSMAN GODFREY, LLP


By: _____
    H. Lee Godfrey, Esq.(HG 1204)
1000 Louisiana Street
Houston, Texas 77002-5096
Telephone: (713) 653-7857

Attorneys for Defendant
HUNTLEIGH USA CORPORATION


ACE GLOBAL MARKETS


By: _____
    John L. Larkins
Aviation Claims Manager
ACE Global Markets
100 Leadenhall Street
London EC3A 3BP

For and on behalf of the insurers for
HUNTLEIGH USA CORPORATION

QUIRK AND BAKALOR, P.C.

By: _____
    Jeffrey J. Ellis, Esq. (JE 7796)
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000

-and-

Michael R. Feagley, Esq.
MAYER BROWN LLP
71 South Wacker
Chicago, Illinois 60606
Telephone: (312) 701-7065

Attorneys for Defendants
UNITED AIR LINES, Inc., and
UAL CORPORATION


UNITED STATES AVIATION
UNDERWRITERS, INC.

By: _____
    Joseph P. Taccetta, Esq.
    Senior Vice President
As the Managers of, and on behalf of, the
United States Aircraft Insurance Group
and its Member Companies along with
the other aviation insurers subscribing to
the Aviation Insurance Policies issued to
United Air Lines, Inc. and UAL Corp.
199 Water Street, One Seaport Plaza
New York, New York 10038

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.:  21 MC 101 (AKH)

THIS DOCUMENT RELATES TO:
03 CV 6811 (AKH)

IN RE SEPTEMBER 11 LITIGATION

Hayden  v. United Airlines, Inc., et. al.

## CONFIDENTIAL RELEASE

ELIZABETH GAIL HAYDEN, Individually and as Personal Representative and/or Administratrix of the Estate of JAMES HAYDEN, and on behalf of all heirs and next of kin of JAMES HAYDEN, deceased, as RELEASOR, and in consideration of the sum of ███████████████████████████████████████████████████████████ ██████████████████████████████████████ of which is to be paid by the Insurers of UNITED AIRLINES, INC. (hereinafter "UNITED") and UAL CORPORATION (hereinafter "UAL") and ██████████████████████ ████████████████████████████████████████ the sum of ████████████████████████████████████ to be paid by the Insurers of HUNTLEIGH USA CORPORATION (hereinafter "HUNTLEIGH"), for a total of the payments to RELEASOR of ███████████████████████ ██████████████████████ hereby releases and discharges UNITED, UAL, HUNTLEIGH, ICTS INTERNATIONAL NV and any and all other defendants named in any of the individual or master complaints filed under civil number 21 MC 97 (AKH) and currently pending under civil number 21 MC 101 (AKH), including without

1

**EXHIBIT 1**

limitation each of the defendants listed in Appendix "A" hereto ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law, admiralty or equity which the RELEASOR, RELEASOR's heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall or may have against RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following:  wrongful death of and personal injuries to JAMES HAYDEN, whether assertable by the heirs or personal representative of JAMES HAYDEN or by any other person or entity entitled by law to recover damages as a result of the wrongful death of or personal injury to JAMES HAYDEN, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the baggage, personal effects, or other property of JAMES HAYDEN; amounts paid by JAMES HAYDEN for transportation; and any and all other losses, damages and/or injuries relating to or arising out of JAMES HAYDEN having been a passenger on United Air Lines Flight 175 on September 11, 2001, (hereinafter, "the death of JAMES HAYDEN") from the beginning of the world to the day of the date of this Confidential Release.

FOR AND IN FURTHER CONSIDERATION of the payments described above, the RELEASOR agrees as follows:

**EXHIBIT 1**

1.    The RELEASOR agrees to protect, indemnify, and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including without limitation, those relating to or arising out of any worker's compensation payments and those that may arise by reason of the legal or tax consequences of this Confidential Release), and all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through, or under RELEASOR, relating to or arising out of the death of JAMES HAYDEN, whether anticipated or unanticipated, however caused and whether by sole, joint, or concurrent negligence, strict liability, treaty liability, intercarrier agreement liability, contractual liability, or otherwise of RELEASEES.

2.    RELEASOR recognizes, acknowledges, and accepts that there is a risk that, after the execution of this Confidential Release, (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress, or economic loss that are in some way caused by or related to the death of JAMES HAYDEN, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be or may become more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to them may change.  RELEASOR accepts these risks, and this Confidential Release

**EXHIBIT 1**

shall apply to all unknown and unanticipated results of the death of JAMES HAYDEN as well as those known and anticipated. The provisions of any local, state, federal, or foreign law, statute, or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages, or injuries are hereby expressly waived.

3.    The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility, or proportionate responsibility of RELEASEES for any wrongdoing, negligence, or other culpable conduct in connection with the death of JAMES HAYDEN. RELEASOR acknowledges that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further litigation and buy their peace. This Confidential Release is a final and full settlement of all claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.    The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of the payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, insurers, and insurance representatives who have a need to know the amount of the settlement, and to any Court of competent jurisdiction. No party, attorney, employee, agent, insurer, or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.    RELEASOR represents and warrants that she is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income,

estate, gift, or otherwise), or other consequences of any kind arising out of this Confidential Release; that she has not relied on any representations or statements, written or oral, of RELEASEES, including but not limited to, any factual representation regarding the death of JAMES HAYDEN except those set forth in this Confidential Release; and that she is knowingly and voluntarily signing this Confidential Release and is not subject to duress, coercion, or undue influence by the RELEASEES or anyone else.

6.    RELEASOR represents and warrants that she has not filed, will not file, or cause to be filed, any other actions, causes of action, suits, claims, or demands, of any nature whatsoever, arising from or relating to the death of JAMES HAYDEN in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES. This Confidential Release does not preclude the RELEASOR from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of JAMES HAYDEN, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-1616 (USDC, District of Columbia (JR)); *In Re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (RCC); and, *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 03 CV 9849 (RCC).

7.    RELEASOR understands that she has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that she has done so or agreed to waive this right. RELEASOR further understands and agrees that she shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of JAMES HAYDEN, other than any

**EXHIBIT 1**

expenses previously paid for by the RELEASEES, and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that she has incurred or may incur. RELEASOR further agrees that statutes providing for payment of interest, costs or expenses with respect to settlement proceeds in this action are inapplicable.

8.    RELEASOR represents and warrants that she will satisfy all outstanding worker's compensation liens, medical liens, attorneys' fees liens, and all other liens, if any, from the proceeds of this settlement.

9.    This Confidential Release and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.    This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by the RELEASOR, UNITED AIR LINES, INC., UAL CORPORATION, HUNTLEIGH USA CORPORATION and ICTS INTERNATIONAL NV.

**EXHIBIT 1**

11.  This Confidential Release can be executed in multiple originals.


In Witness Whereof, the RELEASOR has hereunto set RELEASOR's hand and seal on the ___ day of _____, 2008

_____
ELIZABETH GAIL HAYDEN, RELEASOR

STATE OF                          )
                                 ) ss.:
COUNTY OF                         )

On _____, 2008, before me personally came ELIZABETH GAIL HAYDEN, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

7                                    **EXHIBIT 1**

**APPENDIX A**

AEROFLOT

AIR CANADA

AIR FRANCE

AIR JAMAICA

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES

BARKSHIRE, INC.

BRITISH AIRWAYS

BRITISH MIDLAND AIRWAYS, LTD

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

**EXHIBIT 1**

BWIA INTERNATIONAL AIRWAYS

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

HUNTLEIGH AVIATION SERVICES CORPORATION

HEIMANN SYSTEMS CORP.

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

LESLIE E. ROBERTSON ASSOCIATES

LUFTHANSA

**EXHIBIT 1**

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES

SCANDINAVIAN AIRLINES SYSTEM, SAS

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISSAIR

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES

TEM ENTERPRISES d/b/a CASINO EXPRESS

THE BOEING COMPANY

**EXHIBIT 1**

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS, LTD

WORLD TRADE CENTER PROPERTIES LLC

**EXHIBIT 1**